OGDEN MONELL

*v.*

CHRISTIAN SCHERRICK *et al.*

FRAUDULENT CONVEYANCES. Where a debtor conveyed his homestead to his son, it being all the property he had, with the avowed intention of hindering and delaying his creditors, the consideration therefor not exceeding one-fourth the value of the property, and the grantor being still permitted to occupy the premises as his own, it was *held*, the conveyance was fraudulent as to creditors.

APPEAL from the Circuit Court of Jasper county; the Hon. HIRAM B. DECIUS, Judge, presiding.

The opinion states the case.

Mr. JOHN H. HALLEY, for the appellant.

Mr. W. B. COOPER, for the appellees.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery, brought by Monell against Christian Scherrick and the administrator of one Christian W. Scherrick, deceased, to set aside a conveyance of certain real estate made by the said Christian W. in his life time, to his son, Christian, the defendant, the bill alleging the conveyance was made to defraud creditors. The defendants answered, but not under oath, and evidence having been taken, the court, on the hearing, dismissed the bill. The complainant has prosecuted an appeal.

The indebtedness is not denied, nor the insolvency of the estate of the deceased Scherrick, and the only reason urged in the brief of appellees' counsel why the relief prayed should

not have been granted, is, that the evidence fails to show, with sufficient clearness, the conveyance to have been fraudulent. On this point we cannot agree with counsel for appellees.

The premises in question were two lots and a house in the town of Newton, in Jasper county, worth, at the time of the conveyance $1300. The proof shows that the elder Scherrick occupied this property as his homestead, his children having all married; that he had no other real estate, and that he continued to occupy the premises until his death, nearly two years after the conveyance, claiming them as his own, and offering to sell or exchange them. It further appears that he repeatedly stated his intention of placing his property out of his hands, so that the debt in question might not be collected. The only evidence in the record to rebut the presumption arising from this testimony is the fact that, at the time of the conveyance, the younger Scherrick paid his father $300, the nominal consideration for the deed. In view, however, of the inadequacy of this consideration, less than one quarter the value of the property, the repeatedly expressed intentions of the grantor as to his fraudulent purposes in regard to this property, and the fact that, after the conveyance, he was still allowed, by his son, to claim and use the property as his own, we are obliged to conclude either that the delivery of the $300 was merely a matter of form, or, if that sum was really paid to the father and retained by him, that it was merely for the purpose of giving a color of legality to a transaction intended by both parties to defraud the creditors of the grantor.

The decree must be reversed and the cause remanded.

*Decree reversed.*